UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY,<br>*Plaintiff,*<br><br>v.<br><br>RONALD ADDISON, JR D/B/A THE REAL DEAL RIDING CLUB, JOSEPH MCCALL, AND CHRISTOPHER TYRONE WHITE II.<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-cv-7570 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Kinsale Insurance Company ("Kinsale") files this complaint for declaratory judgment against Defendant Ronald Addison, Jr. D/B/A The Real Deal Riding Club Family Reunion ("The Real Deal"), Joseph McCall, and Christopher Tyrone White II ("Underlying Plaintiffs" and with Real Deal, collectively, "Defendants"), alleging as follows:

## I. INTRODUCTION

1. This is an action for declaratory judgment under 28 U.S.C. §§ 2201-2202 to determine the rights and obligations of the parties under a Commercial General Liability Policy issued by Kinsale to The Real Deal.

2. Kinsale seeks a judicial declaration that it owes no duty to defend or duty to indemnify The Real Deal in connection with a lawsuit filed against it styled *Joseph McCall v. Jakhai Marques Gonzales d/b/a Kuttin Up Ryderzz, Ronald Addison, Jr., d/b/a The Real Deal Riding Club, and Yolanda E. Taylor,* in the 11 District Court of Harris County, Texas ("Underlying Lawsuit"). Christopher White II subsequently filed an Original Petition in Intervention. ("Underlying Intervention").

## II. PARTIES

3. Plaintiff Kinsale is a corporation organized under the laws of Arkansas with its principal place of business in Richmond, Virginia. Therefore, Kinsale is a citizen of Arkansas and Virginia for diversity purposes.

4. Defendant Ronald Addison, Jr. D/B/A The Real Deal Riding Club Family Reunion is an individual resident of Harris County, Texas. He may be served with citation at his residence: 14427 Alrover Street, Houston, Texas 77045. Therefore, Ronald Addison, Jr. D/B/A The Real Deal Riding Club Family Reunion is a citizen of Texas for diversity purposes.

5. Defendant Joseph McCall ("Underlying Plaintiff") is a citizen of Harris County, Texas. Therefore, Joseph McCall is a citizen of Texas for diversity purposes. Joseph McCall may be served with process at 12526 Rosslare Drive, Houston, Texas 77066.

6. Defendant Christopher White II ("Underlying Intervenor") is a citizen of Texas for diversity purposes. Underlying Intervenor may be served with process at 3607 Starcross Bend Court, Missouri City, Texas 77459.

7. Underlying Plaintiff and Underlying Intervenor are nominal defendants, but included in this Complaint in order that the Court's rulings are binding on them, who may become judgment creditors of The Real Deal.

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 2201 and 28 U.S.C. § 1332, as there is a diversity of citizenship between the parties. This case involves a declaration of rights under an insurance policy. The Underlying Lawsuit arises from a multi-party personal injury claim. As such, the cost to defend such a suit, and any costs to indemnify the policyholder The Real Deal are reasonably anticipated to exceed $75,000.00. Consequently, the amount in controversy requirements for federal jurisdiction have been met.

9. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b) as venue would be proper in Harris County, Texas. The insurance policy at issue was delivered to The Real Deal in Harris County, Texas. The Underlying Lawsuit and Underlying Intervention are being litigated in Harris County. In the Underlying Lawsuit, Joseph McCall is the plaintiff. In the Underlying Intervention, Christopher White II is the intervenor.

## IV. FACTUAL BACKGROUND

*The Kinsale Policy*

10. Kinsale issued Commercial General Liability Policy No. 0100389387-0 to The Real Deal for the policy period of September 26, 2025 to September 28, 2025, subject to all terms, conditions, limitations, and exclusions (the "Policy").[1] The Policy was issued for a specific event occurring on September 26, 2025 and September 27, 2025, the 17th Annual Real Deal Riding Club Reunion.

11. The Policy provides limits of $1,000,000 per occurrence and $2,000,000 in the aggregate for Coverage A ("bodily injury"), subject to a $2,500 deductible.

12. The Policy is an occurrence based policy, with coverage applying to "bodily injury" only if the "bodily injury" is caused by an "occurrence" that takes place in the "coverage territory."

*The Underlying Lawsuit and Underlying Intervention*

13. In the Underlying Lawsuit, [2] Underlying Plaintiff asserts that on September 27, 2025, he was injured while he was a passenger in a trailer being pulled by a pick-up truck. He

---

[1] A copy of the Policy, with premium information redacted, is attached hereto as Exhibit "A" with Bates Numbers KINSALE 000001-000110..

[2] A copy of the Plaintiff's Original Petition in the Underlying Lawsuit and Underlying Intervention is attached hereto as Exhibit "B". Kinsale respectfully requests the Court to take judicial notice of pleadings filed in the 11th District Court of Harris County, Texas.

alleges the second floor of the trailer collapsed or fell on him resulting in a broken collar bone, broken rib, and lacerations to his ear.

14. As against The Real Deal, the Underlying Plaintiff asserts causes of action for negligence, premises liability, and gross negligence. Underlying Plaintiff alleges The Real Deal acted negligently in a variety of ways, including but not limited to, the following:

a. Operating said vehicle in a careless and reckless manner;

b. Failing to keep said vehicle under reasonable and proper control, and

c. Failing to act as a reasonable person using ordinary care in the same or similar circumstances.

15. In the Underlying Intervention,[3] Underlying Intervenor asserts that on September 27, 2025, he was injured while he was a passenger and/or participant on, in, or near a trailer associated with The Real Deal's truck, ride, event, club, activity, or related transportation. Underlying Intervenor alleges that while The Real Deal was transporting him, the trailer and/or a portion thereof collapsed, resulting in his serious personal injuries and damages. Underlying Intervenor seeks monetary relief over $1,000,000.

16. As against The Real Deal, the Underlying Intervenor asserts causes of action for negligence, premises liability, and gross negligence. Underlying Plaintiff alleges The Real Deal acted negligently in a variety of ways, including but not limited to, the following:

a. Failing to safely operate the vehicle and/or trailer;

b. Failing to keep the vehicle and/or trailer under reasonable and proper control;

c. Failing to properly inspect the vehicle and/or trailer;

[3] A copy of the Intervenor's Original Petition in Intervention is attached hereto attached hereto as Exhibit "C". Kinsale respectfully requests the Court to take judicial notice of pleadings filed in the 11th District Court of Harris County, Texas.

d. Failing to properly maintain the vehicle and/or trailer;

e. Failing to properly secure the trailer;

f. Failing to ensure the trailer was safe for transporting persons;

g. Failing to warn Intervenor of dangerous conditions;

h. Failing to supervise, control, and manage the ride, event, transportation, and/or activity;

i. Allowing Intervenor and others to be transported in an unsafe manner;

j. Creating and permitting an unreasonably dangerous condition;

k. Failing to adopt, implement, and enforce reasonable safety policies and procedures;

l. Failing to act as a reasonably prudent person or entity would have acted under the same or similar circumstances.

*The Policy Provisions*

17. The Policy contains Commercial General Liability Coverage Form, Form CG 00 01 04 13 which includes under Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, paragraph 1, the following Insuring Agreement:

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
>
> * * *
>
> **b**. This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

* * *

18. The Policy contains a Coverage for Designated Events – Commercial General Liability Endorsement which identified the "7th Annual Real Deal Riding Club Reunion" as the "designated event." The locations insured by the Policy include "all locations relevant to the insureds 17th Annual Real Deal Riding Club Reunion event." This endorsement includes the following relevant provision:

| Name of Designated Event | Date(s) of Designated Event: | Location(s) of Designated Event |
|---|---|---|
| 7th Annual Real Deal Riding Club Reunion | 09/26/2025 - 09/272025 | All locations relevant to the insureds 17th Annual Real Deal Riding Club Reunion event |

Solely as to any claim or "suit" arising out of any event hosted, sponsored or facilitated by, or otherwise organized by any insured, in whole or part, this insurance applies to "bodily injury", "property damage", or "personal and advertising injury" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence", or the "personal and advertising injury" is caused by an offense, that arises out of the ownership, maintenance, or use of premises:

**(a)** At the location of the Designated Event shown in the Schedule above; and

**(b)** For the Designated Event named in the Schedule above, including any property located on such premises during the Designated Event.

For the purposes of this endorsement, the following exclusion is added to this Policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", or "personal and advertising injury" arising out of any event hosted, sponsored, or facilitated by, or otherwise organized by any insured with the exception of any Designated Event named in the Schedule above.

* * *

Exhibit A at KINSALE 000030.

19. The Policy contains Form ADF2000 0622 – **POLICY AMENDMENT – EXTRINSIC EVIDENCE** ("Extrinsic Evidence Amendment") at Exhibit A at KINSALE 000022, which modifies all coverage forms under the Policy as follows:

> Notwithstanding any provision of this Policy to the contrary, all Insuring Agreements in all Coverage Forms, Coverage Sections, Coverage Parts, or endorsements included in this Policy are amended by adding the following:
>
> > Our right and duty to defend or indemnify the insured against any claim or suit will be determined by review of the facts and allegations pleaded and the terms of this Policy, and we may look to and consider extrinsic evidence outside of the allegations, facts pleaded, or any combination thereof by any claimant to determine whether we owe a duty to defend or indemnify against any such claim or suit.

* * *

20. The Policy contains Form CAS3017 0110, **EXCLUSION – ABSOLUTE AUTO, AIRCRAFT, AND WATERCRAFT ("Absolute Auto Exclusion")** at Exhibit A at KINSALE 00058, which provides the Policy does not apply to:

> **g. Aircraft, Auto or Watercraft**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft. Use includes operation and "loading or unloading" and the handling and placing of persons, by an insured, into, onto or from an "auto".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft.

* * *

21. The Policy also contains the following relevant definitions under Section V – Definitions:

> **2**. "Auto" means:

> **a**. A land motor vehicle, **trailer** or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
>
> **b**. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.
>
> However, "auto" does not include “mobile equipment”.
>
> **3**. “Bodily injury” means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> * * *
>
> **13**. “Occurrence” means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> * * *

Exhibit A at KINSALE 000018 - 000020.

22. The Policy is endorsed with **ABSOLUTE EXCLUSION - MOTARIZED VEHICLES,** form CAS3105 0321 at Exhibit A at KINSALE 000075, which provide provides in relevant part:

> The following exclusion is added to this Policy:
>
> This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving the operation, maintenance, use, entrustment to others, or “loading or unloading” of any motorized vehicle of any type. Motorized vehicle includes, but is not limited to:
>
> 1. “Autos”;
>
> * * *
>
> This exclusion applies to any claim or “suit” regardless of whether any motorized vehicle is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged “bodily injury”, “property damage” or “personal and advertising injury” arises out of a chain of events that involves any motorized vehicle.

* * *

23. The Policy is also endorsed with **EXCLUSION – PUNITIVE DAMAGES**, form CAS3048 0725 at Exhibit A at KINSALE 000067, which provides:

The following exclusion is added to this Policy:

> This insurance does not apply to any claim or "suit" for any punitive or exemplary damages, fines, or penalties arising out of "bodily injury", "property damage", "personal and advertising injury", or "physical damage to property."

* * *

24. Additionally, the Policy contains Form CAS3043 0621 **ADDITIONAL POLICY EXCLUSIONS** at Exhibit A at KINSALE 000064, which includes the following:

Duty to Defend Exclusion

> Where there is no coverage under this Policy, there is no duty to defend.

* * *

*Kinsale's Coverage Position*

25. Kinsale is currently providing a defense under the Policy to The Real Deal under a full reservation of rights. As part of that reservation, Kinsale reserved its right to file a petition for declaratory relief to obtain a determination of its obligations to defend and indemnify The Real Deal against any damages awarded in connection with the Underlying Lawsuit and Underlying Intervention.

26. Kinsale seeks a declaration pursuant to the Federal Declaratory Judgment Act that it has no obligation to indemnify The Real Deal in the event that Underlying Plaintiff and/or Underlying Intervenor succeed in obtaining a judgment against it. Further, Kinsale will never have a duty to pay any indemnity to Underlying Plaintiff and/or Underlying Intervenor, assuming Underlying Plaintiff and/or Underlying Intervenor secure a verdict against The Real Deal.

27. Pursuant to the Absolute Auto Exclusion, coverage under the Policy "does not apply to any 'bodily injury' … arising out of the ownership, maintenance, use or entrustment to others of ***any*** … 'auto." Use includes operation and … the handling and placing of persons … onto or from an 'auto.'" A "trailer" is a type of "auto" covered by the Absolute Auto Exclusion.

28. Similarly, pursuant to the Absolute Motorized Vehicle Exclusion, coverage under the Policy "does not apply to any claim or 'suit' for 'bodily injury' … arising directly or indirectly out of … the operation, maintenance, use, entrustment to others, or 'loading or unloading' of any motorized vehicle of any type." A motorized vehicle includes an "auto." An "auto" includes a "trailer." Therefore, a motorized vehicle includes a "trailer" which is covered by the Absolute Motorized Vehicle Exclusion.

29. Based on the allegations in the Underlying Lawsuit, Underlying Plaintiff was injured while he was a passenger in a **trailer** being pulled by a pick-up truck. According to Underlying Plaintiff, the trailer collapsed or fell on him which caused his injuries.

30. Underlying Intervenor alleges he was injured while he was a passenger and/or participant on, in, or near a **trailer** associated with The Real Deal's truck, ride, event, club, activity, or related transportation. According to Underlying Intervenor, the trailer and/or a portion thereof collapsed onto him which caused his injuries.

31. Both Underlying Plaintiff's and Underlying Intervenor's bodily injuries arose from the use of an auto such that their damages are precluded under the Absolute Auto Exclusion and the Absolute Motorized Vehicle Exclusion. Because there is no coverage for the Underlying Plaintiff's or the Underlying Intervenor's claims against The Real Deal, Kinsale also has no duty to defend The Real Deal in the Underlying Lawsuit or Underlying Intervention pursuant to the Duty to Defend Exclusion in the Policy.

32. Accordingly, Kinsale seeks to establish in this declaratory judgment action that the Policy affords no coverage for the damages alleged in the Underlying Lawsuit or the Underlying Intervention, and that Kinsale does not owe any defense or indemnity under the Policy for The Real Deal.

33. Additionally, both Underlying Plaintiff and Underlying Intervenor assert a claim for gross negligence and seek exemplary damages and punitive damages. Because there is no coverage for a claim for any punitive or exemplary damages arising out of "bodily injury", there is no coverage for Underlying Plaintiff's and Underlying Intervenor's gross negligence claim.

34. Accordingly, Kinsale seeks to establish in this declaratory judgment action that the Policy affords no coverage for the punitive and exemplary damages sought in the Underlying Lawsuit or the Underlying Intervention.

## V. DECLARATORY RELIEF REQUESTED

35. An actual controversy exists between Kinsale and The Real Deal regarding coverage for the Underlying Lawsuit and Underlying Intervention.

36. Kinsale seeks a declaration that under the Policy, Kinsale: (a) has no duty to defend The Real Deal in the Underlying Lawsuit or the Underlying Intervention; (b) has no duty to indemnify The Real Deal for any judgment, settlement, or award in the Underlying Lawsuit or the Underlying Intervention; (c) has no duty to indemnify The Real Deal for any punitive and exemplary damages awarded in the Underlying Lawsuit or Underlying Intervention, and (c) is entitled to withdraw from the defense of The Real Deal upon entry of judgment in this action.

## VI. PRAYER FOR RELIEF

37. WHEREFORE, Plaintiff Kinsale Insurance Company respectfully asks the Court to enter judgment declaring that Kinsale owes no duty to defend or indemnify The Real Deal in

connection with the Underlying Lawsuit or Underlying Intervention, award Kinsale its costs and expenses incurred in this action, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted:

*/s/ Alissa K. Christopher*
Alissa K. Christopher
State Bar No. 11531020
AKChristopher@cozen.com
Daniel Alvarado
State Bar No.24120685
DAlvarado@cozen.com
COZEN O'CONNOR
1717 Main Street, Suite 3100
Dallas, Texas 75201-7335
Tel.: (214) 462-3000
Fax: (214) 462-3299

*Counsel for Plaintiff*
*Kinsale Insurance Company*